UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUAN ANTONIO ABUNDES, JESÚS EMANUEL ABUNDES, and SANJUANA ERNESTINA YEBRA, <br><br> Plaintiffs, <br><br> v. <br><br> ATHENS FOOD SERVICES, LLC, ATHENS FOOD SERVICES, ATHENS FOOD SERVICES 1, MOHAMMAD S. RASRAS, ADEL ELOSTTA, and EVANGELIA DINA KAZAKOS ELOSTTA, <br><br> Defendants. | Case No. 3:14-cv-01278 <br><br> Judge Todd J. Campbell <br><br> Magistrate Juliet E. Griffin <br><br> JURY DEMAND |

---

## CASE MANAGEMENT ORDER # 1

---

### A. JURISDICTION

Plaintiffs assert that jurisdiction is proper in this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. 1367.

### B. BRIEF THEORIES OF THE CASE:

1. **PLAINTIFFS:** Plaintiffs Juan Antonio Abundes, Jesús Emanuel Abundes, and Sanjuana Ernestina Yebra (collectively "Plaintiffs") have filed suit against Defendants Athens Food Services, LLC, Athens Food Services, Athens Food Services 1, Mohammad S. Rasras, Adel Elostta, and Evangelia Dina Kazakos Elostta (collectively "Defendants"), for willful failure to pay Plaintiffs minimum wages as required by Section 206 of the Fair Labor Standards Act ("FLSA") and overtime wages as required by

1

Section 207 of the FLSA. Plaintiffs were employees of Athens Family Restaurant. Plaintiffs repeatedly asked about the unpaid overtime or unpaid wages and requested full payment, but were told that the restaurant did not have money to pay them and that their hours would be cut if they continued to request the compensation to which they were entitled.

Plaintiff Juan Antonio Abundes was misclassified as a salaried worker, in violation of the FLSA, even though the vast majority of his job activities did not involve any managerial duties.

Plaintiffs are aware of other similarly situated employees and/or former employees of Athens Family Restaurant, and have brought this claim individually and as part of a collective action under the FLSA, 29 U.S.C. § 216(b), on behalf of such similarly situated employees and former employees of Athens Family Restaurant who were denied minimum wage and overtime compensation as required by the FLSA.

Plaintiffs have also brought a Tennessee State law breach of contract claim against the Defendants for failure to pay the agreed-upon amount for all hours worked.

2. **DEFENDANTS:** Defendants deny any violation of the FLSA or breach of contract. Defendants acted in good faith at all times, or alternatively if there were any violation or breach, they were unintentional and not willful or knowing. Defendants deny that there are other similarly situated employees and deny that Plaintiffs are legally entitled to represent them and has asserted defenses and affirmative defenses to the claims. Defendants also object to Plaintiffs' request to exercise supplemental and pendent jurisdiction over state common law claims.

C. **ISSUES RESOLVED**: Jurisdiction as to federal claims and venue as to all claims.

D. **ISSUES STILL IN DISPUTE:** Supplemental jurisdiction as to state law claims, liability, and damages.

E. **STATUS OF SERVICE:** Defendant Athens Food Services, LLC has not been served. Upon information and belief, Defendant Athens Food Services, LLC has been administratively dissolved.

F. **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **August 21, 2014**. An initial case management conference was held on **August 7, 2014**.

G. **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **December 15, 2014**. Discovery is not stayed during dispositive motion, unless ordered by the Court. No motions concerning discovery are to be filed until and unless the parties have conferred in good faith, and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Griffin.

H. **MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before **January 12, 2015**.

I. **DISCLOSURE OF EXPERTS:** The parties do not anticipate the necessity to identify any expert witnesses, however, Defendants may elect to disclose experts related to immigration status of Plaintiffs, but at this time is uncertain.

J. **DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or about **May 20, 2015**. Responses to dispositive motions shall be filed within 21 days of service. Optional replies shall be filed within 14 days after service of response. Briefs shall not exceed 25 pages without leave of court.

K. **ESTIMATED TIME OF TRIAL:**  The parties expect the trial to last approximately 4 days.

L. **ELECTRONIC DISCOVERY:** Defendants use a computer program called Harbor Touch.  Defendants' counsel will work with Plaintiffs' counsel to provide electronic records (or paper copies thereof) and will hold a conference by August 28, 2014 or within 21 days of the entry of the Initial Case Management conference to identify and resolve any issues, and the parties will work together in good faith to resolve any issues. Defendants' counsel is uncertain whether the owner of the computer program or system imposes restrictions on use of the program, but will advise Plaintiffs' counsel if it is so determined.

M. **TRIAL DATE:**   This case will be set for trial and pretrial conference by separate order entered by Judge Todd J. Campbell.

It is so ORDERED.

Juliet Griffin, U.S. Magistrate Judge

Approved for entry:

*/s/Peter C. Robison*
**Peter C. Robison, BPR #027498**
**Thomas I. Carlton, Jr., BPR #002759**
**CORNELIUS & COLLINS, LLP**
511 Union Street, Suite 1500
P.O. Box 190695
Nashville, TN 37219-0695
Phone: (615) 244-1440
Fax: (615) 254-9477

*Counsel for the Plaintiffs*



*/s/ Perry A. Craft*
**Perry A. Craft, BPR # 006056**
**LAW OFFICE OF PERRY A. CRAFT, PLLC**
211 Donelson Pike, Suite 110-A
P.O. Box 148704
Nashville, TN 37214
Phone: (615) 953-3808
Fax: (615) 739-6292

*Counsel for the Defendants*